138

First District (5th Division)    No. 1—96—0037

Opinion filed December 31, 1998.—Rehearing denied March 12, 1999.

Rita A. Fry, Public Defender, of Chicago (Elyse Krug Miller, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James Fitzgerald, and Jean T. McGuire, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

A jury found defendant Sidney Perry guilty of first degree murder for the shooting death of William Yousef, of armed robbery of William Yousef, and of armed robbery of Hani Hamad. The trial court imposed a sentence of natural life in prison without parole for the murder.

On direct appeal, defendant raised several issues, including whether his convictions should be reversed because he used psychotropic medication during his trial and did not receive a fitness hearing at that time. We considered this issue under the amended version of section 104—21(a) in effect December 31, 1996 (725 ILCS 5/104—21(a) (West 1996)), and concluded that reversal was not required in *People v. Perry*, 292 Ill. App. 3d 705 (1997).

On October 6, 1998, the Illinois Supreme Court entered a supervisory order directing this court to vacate its judgment and reconsider it in light of *People v. Kinkead*, 182 Ill. 2d 316 (1998).

Pursuant to that mandate, we hereby vacate our judgment in case No. 1—96—0037. As held in *Kinkead*, we apply the prior version of

the psychotropic medication statute (725 ILCS 5/104—21(a) (West 1994)). Based on the prior statute, defendant was entitled to a hearing on the issue of his fitness because he was receiving psychotropic drugs at the time of trial in September 1995. Furthermore, we reverse defendant's convictions because more than three years have passed since the original proceedings and, therefore, a retrospective hearing would be inappropriate. See *Kinkead*, 182 Ill. 2d at 348 (five years had passed since the original proceedings), citing *People v. Neal*, 179 Ill. 2d 541, 554 (1997) ("retrospective fitness determinations will normally be inadequate to protect a defendant's due process rights when more than a year has passed since the original trial and sentencing"). We remand this cause to the circuit court for a new trial. The double jeopardy clause does not preclude a retrial because the reversal is not based on evidentiary insufficiency. *E.g., People v. Mink*, 141 Ill. 2d 163 (1991).

Reversed and remanded.

THEIS and ZWICK, JJ., concur.